Ben Elick CANNADY, Appellant,

v.

The STATE of Texas, Appellee.

No. 45188.

Court of Criminal Appeals of Texas.

July 19, 1972.

Bill Pemberton, Greenville (Court Appointed), Larry Green, Greenville (Court Appointed), for appellant.

Larry Miller, Dist. Atty., Greenville, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal arises out of a conviction for robbery by firearms where the punishment was assessed at 20 years.

In his sole ground of error, appellant "contends that the trial Court erred in admitting evidence that a lineup was conducted wherein Appellant was identified by the victim for the reason that Appellant was placed in same lineup with another subject (Joe Ben Cannady, . . . ) involved in the same alleged offense wherein victim identified both Appellant and Joe Ben Cannady and in doing so, the lineup was so suggestive as to render it illegal."

Appellant cites no authority and confesses he has been unable to find any precedent. He does not attack the lineup identification on any other basis; but urges that "[t]wo suspects and one witness is more than the one-to-one confrontation and constitutes prejudicial suggestion. . . ."

The record reflects that before permitting the complaining witness, Pauline Taylor, to make an in-court identification, the jury was removed and the court conducted a separate hearing to determine its admissibility. See Martinez v. State, 437 S.W. 2d 842 (Tex.Cr.App.1969). At such hearing, it was established that the witness Taylor, who had been robbed at approximately 1 p. m. on February 19, 1970, viewed a lineup in the Hunt County Court-

house about 9:30 p. m. on the same date. The lineup consisted of eight white males of the same approximate size but of varying ages. Both the appellant and Joe Ben Cannady were in such lineup and were identified by the witness Taylor, who testified that her view of both men during the course of the robbery was better than at the lineup.

At the conclusion of the hearing, the trial judge found "that the lineup was legally conducted and there was an intelligent waiver of the right to counsel of the defendant."

It is obvious that the in-court identification was not tainted by the lineup identification.

After such hearing, the witness Taylor, in the jury's presence, made an in-court identification of the appellant as the oldest of the two men who robbed her. At no time was evidence of the lineup identification offered in the jury's presence to bolster such in-court identification.

Under the circumstances, we fail to see how there could possibly be any merit to appellant's contention.

The judgment is affirmed.